

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00196-CR
_____

THE STATE OF TEXAS, APPELLANT

V.

JOSE LUIS CORTEZ, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 68,587-E, Honorable Douglas Woodburn, Presiding

February 3, 2017

## CONCURRING OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.[1]

Addressing an issue the Court of Criminal Appeals requested this court to review, Chief Justice Quinn discusses several reasons why *Heien v. North Carolina*, 574 U.S. __, 135 S. Ct. 530, 190 L. Ed. 2d (2014), is not dispositive of this appeal. Acute to his conclusion, Chief Justice Quinn finds the officer's understanding of the law was not objectively reasonable. While I join that conclusion and opinion, I write separately to emphasize what I perceive to be the more critical reason why *Heien* does not apply to

---

[1] Justice Mackey K. Hancock, retired, not participating.

the facts of this case, i.e., the absence of reasonable suspicion that Appellant had committed an offense.

As stated by Chief Justice Roberts in *Heien*, the Fourth Amendment tolerates an *objectively reasonable* mistake—whether of fact or law—in determining whether reasonable suspicion exists sufficient to justify an investigatory detention. 135 S. Ct. at 539. The question presented in *Heien* was whether an officer's reasonable, albeit mistaken, interpretation of one of North Carolina's brake-light laws was sufficient to give rise to the level of reasonable suspicion necessary to uphold a traffic stop under the Fourth Amendment. The Supreme Court held that it could. *Id.* at 536. *Heien*, however, involved a situation where the reasonableness of the officer's factual conclusions was never an issue. Such is not the case here.

Determining the boundaries of what makes a mistake of law "objectively reasonable" is a slippery slope, not to be tackled lightly. As Justice Sotomayor stated in her dissenting opinion, those boundaries "ought to be narrowly circumscribed if they are to be countenanced at all . . . ." *Id.* at 547 (Sotomayor, J., dissenting). The judicial task of applying *Heien* is made exponentially more difficult in cases like this where it is accompanied by a mistake of fact. It is for this reason that a court tasked with deciding whether an officer's mistake of law is objectively reasonable and, therefore, sufficient to support a constitutional seizure, must first determine the reasonableness of the officer's understanding of the facts.

Here, Chief Justice Quinn conducts a scholarly analysis of section 545.058 of the Texas Transportation Code[2] and concludes that the officer's interpretation that the

---

[2] TEX. TRANSP. CODE ANN. § 545.058(a) (West 2011).

boundary between a traffic lane and the improved shoulder began at the inside edge of the "fog line" was both mistaken and objectively unreasonable. *See Cortez v. State*, No. 07-15-00196-CR, 2017 Tex. App. LEXIS _____, at *_ (Tex. App.—Amarillo February 3, 2017, no pet. h.). However, the antecedent question the trial court (and concomitantly this court) must answer is whether it was reasonable for the officer to suspect the Appellant's conduct was illegal—regardless of his interpretation of the law. That is, assuming the officer in this case correctly interpreted the law, did Appellant's conduct reasonably fit within the conduct proscribed by law? Here, it did not.

After granting Appellant's motion to suppress, the trial court executed written findings of fact and conclusions of law. Among the findings and conclusions entered were those stating:

> 23. Texas Transportation Code section 545.058 (5) provides that driving on the improved shoulder of a roadway is permissible under the circumstances when and to the extent necessary a driver is being passed by another vehicle. The first occasion in which the officer testified that the Defendant drove onto the improved shoulder occurred after the officer's vehicle entered the passing lane and accelerated toward the Defendant's vehicle; *therefore, the Defendant was authorized by statute to drive on the improved shoulder at such time*.

> 24. Texas Transportation Code section 545.058 (3) provides that driving on the improved shoulder of a roadway is permissible when and to the extent necessary a driver is decelerating or slowing to make a right turn from the roadway. The Defendant was in the process of decelerating and slowing to make a right turn from the roadway onto the exit ramp when the second occasion took place; *therefore, the Defendant was authorized by statute to drive on the improved shoulder at such time*.

(Emphasis added).

As discussed by Chief Justice Quinn, there are seven statutorily defined situations where driving on the improved shoulder is not illegal. As noted above, the

3

trial court found that the observable facts did not support a reasonable conclusion that this statutory provision had been violated. Accordingly, irrespective of the officer's interpretation of whether the improved shoulder began inside, on, or over the fog line, the first question the trial court must address is whether the officer was reasonable in his belief that a violation of the law had been committed. The reasonableness of an officer's belief that an accused has violated the law is an "application-of-law-to-fact question." *Bynam v. State*, No. PD-1480-15, 2017 Tex. Crim. App. LEXIS 83, at *7-8 (Tex. Crim. App. Jan. 25, 2017). In appraising the trial court's decision, a reviewing court must defer to the trial court's express or implied findings of fact concerning the circumstances surrounding the initial detention. *Id.* As noted above, in its application-of-law-to-fact conclusions, the trial court found that, considering the facts and circumstances reasonably available to the officer, there was no violation of law (regardless of the interpretation the officer may have given to the applicable Transportation Code provision). The principles of *Heien* are inapposite to the facts of this case for that reason alone. Accordingly, I join Chief Justice Quinn in his opinion and conclusion that the judgment of the trial court should be affirmed.

                                        Patrick A. Pirtle
                                        Justice

Publish.

4